UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BISHOP FRANK BEST son of Ernest Parris unknown heirs,

                Plaintiff,

v.

DITECH HOLDING CORPORATION doing business as Reverse Mortgage Solutions Inc., and Supreme Court Judge ROBERT CALORAS,

                Defendants.

**MEMORANDUM AND ORDER**

19-CV-3966 (LDH) (LB)

L SHANN D ARCY HALL, United States District Judge:

On July 5, 2019, Plaintiff Bishop Frank Best, who is proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against Defendant DiTech Holding Corporation ("DiTech"), doing business as Reverse Mortgage Solutions, Inc. (Compl., ECF No. 1.) By memorandum and order dated August 22, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis*, dismissed the complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim for relief, and granted Plaintiff leave to file an amended complaint. (ECF No. 5.) On September 16, 2019, Plaintiff filed an amended § 1983 complaint against DiTech and Queens County Supreme Court Justice Robert Caloras. (Am. Compl., ECF No. 6.)

The Court assumes the parties' familiarity with the facts of this case, which are set forth in the Court's August 22 memorandum and order.

### STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged

facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). And under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

In his amended complaint, Plaintiff asserts an identical claim against DiTech and asserts an additional § 1983 claim against Justice Caloras arising out of the same underlying foreclosure proceedings. (Am. Compl. 3–6.)

Plaintiff's claim against DiTech fails for the same reason set forth in the Court's August 22 memorandum and order. Specifically, Plaintiff again fails to allege facts to establish that DiTech's relevant conduct may be fairly attributable to the state as required to sustain a § 1983 claim. *See generally Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (setting forth tests under which private conduct may be fairly attributable to the state).

Plaintiff's claim against Justice Caloras is barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (holding that judges are immune to suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction). The absolute judicial immunity of a court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 11, 13 (quotations and citations omitted). Plaintiff's claim that Justice Caloras "overlook[ed] fraud and perjury" in the course of the underlying foreclosure action is simply not actionable. (Am. Compl. 6.)

## CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint is dismissed in its entirety. Plaintiff's claim against DiTech is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claim against Justice Caloras is dismissed because the latter is

3

immune from suit. *Id.* § 1915(e)(2)(B)(iii). Because further amendment would be futile, this dismissal is with prejudice. *Dollinger v. N.Y. State Ins. Fund*, 726 F. App'x 828, 831 (2d Cir. 2018) (summary order) ("[L]eave to amend can be denied if amendment would be futile."); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the pro se plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Wang v. Logue*, 351 F. App'x 510, 510–11 (2d Cir. 2009) (summary order) (affirming dismissal with prejudice on the ground of absolute immunity).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
September 26, 2019  LaSHANN DeARCY HALL
United States District Judge